# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN KERMIT DUNCAN, | ) |
| Petitioner, | ) |
| v. | ) 2:17-cv-1682-LSC-JEO |
| WARDEN CHRISTOPHER GORDY and the ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254 by Petitioner Adrian Kermit Duncan ("Duncan" or "Petitioner") an Alabama state prisoner acting *pro se*. (Doc.[1] 1). He seeks to attack a state-court judgment by which he was sentenced to 25 years imprisonment in January 2001. He has also filed a motion asking the court to require the State to produce a host of documents related to his arrest and ensuing criminal prosecution in state court. (Doc. 2). On October 3, 2017, the magistrate judge to whom the action was referred entered a

---

[1] References to "Doc(s). __" are to the document number of the pleading, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court. Pinpoint citations are to the page of the electronically-filed document in the court's CM/ECF system, which may not correspond to pagination on the original "hard" copy presented for filing.

report and recommendation pursuant to 28 U.S.C. § 636(b).  (Doc. 3 ("R&R")).  In his R&R, the magistrate judge recommends that the petition be dismissed for lack of jurisdiction as a second or successive § 2254 application for purposes of 28 U.S.C. § 2244(b), because Duncan has not alleged or shown that he has an authorizing order from the Eleventh Circuit.  (*Id.*)  Duncan has now filed timely a two-page objection to the R&R.  (Doc. 4 ("Objection" or "Obj.")).  His Objection also contains a motion by which Duncan asks the court to supply him, presumably free of charge, with "all records on file related to any habeas corpus petition submitted [on his behalf]" because he "needs to see what claims [were] raised in a past habeas corpus petition so that if needed [he] can seek review by filing the appropriate petition upon the court of appeals for an order authorizing the district court to consider the application."  (Obj. at 1).

To the extent that Duncan objects to the R&R, he has simply offered no factual or legal basis whatever for calling into question the magistrate judge's finding that this action is a successive § 2254 habeas action over which this court lacks jurisdiction under § 2244(b).  Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are

2

hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. As a result, the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

That disposition also leads the court conclude that both of Duncan's motions asking for documents (Docs. 2 and 4) are without merit. For starters, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). To the extent Duncan claims he is entitled to discovery to support the merits of his claims for habeas relief asserted in this pending action, he is wrong because it is clear this court has no subject-matter jurisdiction to hear those claims in the first place, for the reasons stated in the R&R. *Cf. Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (party bringing suit not entitled to discovery where complaint was insufficient as a matter of law to establish a prima facie case that district court had jurisdiction). Duncan also says he wants a copy of all records from his prior § 2254 action in this court to determine what claims he pursued there so that he might move in the Eleventh Circuit for an order authorizing this court to consider a second § 2254 application under 28 U.S.C. § 2244(b). (*See* Doc. 4 at 1). However, Duncan was presumably furnished with a copy of all such documents as

a matter of the course during that prior proceeding, and he offers no explanation for what might have happened to them. In any event, Duncan does not generally enjoy a right to discovery or to be provided with documents or transcripts at public expense for the purpose of combing such records in the speculative hope of formulating a claim he might pursue in some collateral proceeding not yet pending. *See United States v. Adamson*, 681 F. App'x 824, 827 (11th Cir. 2017); *United States v. Hernandez*, 431 F. App'x 813, 813-14 (11th Cir. 2011); *Ward v. Daniels*, 2012 WL 1642465, at *3 (N.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1642176 (N.D. Ala. May 3, 2012); *Lewis v. Wheeler-White*, 2010 WL 3023524, at *4-5 (S.D. Ala. July 1, 2010), *report and recommendation adopted*, 2010 WL 3002158 (S.D. Ala. July 29, 2010).

Moreover, Duncan's theory that he needs the records from his first § 2254 action to see what claims he raised to allow him to move for leave in the Eleventh Circuit to file another § 2254 petition misapprehends the substantial limitations § 2244(b) imposes on successive petitions. It is true that, once Duncan's first § 2254 petition was dismissed with prejudice, any claim presented in that application would have to be summarily dismissed if it were presented in another § 2254 application. *See* 28 U.S.C. § 2244(b)(1); *Jones v. GDCP Warden*, 815 F.3d 689, 696 (11th Cir. 2016). Nor could such a claim form the basis of motion for an

4

authorizing order. *See In re Jones*, 830 F.3d 1295, 1297 (11th Cir. 2016). The real obstacle for Duncan, though, is that even if he did *not* raise a particular claim for relief in his first § 2254 petition, that fact would not mean that the claim would qualify for an authorizing order from the court of appeals. Not by a long shot. Instead, even a claim not presented in a first § 2254 petition would support an authorizing order if and only if: (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), *or* (2)(a) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i), *and* (b) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B)(ii). Therefore, the focus of an inquiry on a motion for an authorizing order in the court of appeals is on whether the movant's claim meets the stringent requirements of § 2244(b)(2)(A) or (B), not simply whether the movant raised the claim in a prior § 2254 petition. Suffice it to say that the court does not discern any of the claims raised in Duncan's present habeas petition (*see* R&R at 3-4) to even arguably qualify under § 2244(b)(2).

Based on the foregoing, Duncan's pending motions asking to be furnished with documents related to his state prosecution (Doc. 2) and with a copy of this court's file from his first § 2254 case (Doc. 4 at 1) are both due to be **DENIED**.

A separate final order will be entered.

Done this 25th day of October 2017.

L. Scott Coogler
United States District Judge
[160704]